IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWN AMMONS and JESSICA AMMONS,

        Plaintiffs and Counter Defendants,

v.                                                                   1:19-cv-00419-SCY-JHR

SENTRY INSURANCE, a MUTUAL COMPANY,

        Defendant and Counter Claimant,

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Sentry Insurance's *Opposed Motion for Protective Order to Stay Discovery, and Vacate Deadlines in Initial Scheduling Order Pending Ruling on Cross-Motions for Summary Judgment Alternatively to Bifurcate and Stay Extra-Contractual Discovery*. [Doc. 18]. Having reviewed the parties' submissions and the pertinent authority, the Court will grant Sentry's Motion, pursuant to Rule 26.4(a) of the Local Civil Rules of the United States District Court for the District of New Mexico.

### I.     BACKGROUND

On April 5, 2019, Plaintiffs filed their *Complaint for UIM Benefits, Breach of Contract, Violations of the Unfair Insurance Practices Act, Insurance Bad Faith, and Punitive Damages* in the Thirteenth Judicial District Court, Valencia County, New Mexico. [Doc. 1-1, pp. 8-14]. Plaintiff served the Complaint along with *Plaintiff Shawn Ammons' First Set of Interrogatories, First Requests for Production of Documents, and First Set of Requests for Admission to Defendant Sentry Insurance Company* [Doc. 1-1, pp. 17-42], on the Superintendent of Insurance and service was accepted on Sentry's behalf on April 9, 2019. [Doc. 1-1, p. 4].

The case was removed on May 8, 2019. [Doc. 1]. On May 28, 2019, this Court entered an *Initial Scheduling Order* (ISO) which required the parties to meet and confer no later than July 3, 2019, submit a Joint Status Report (JSR) no later than July 17, 2019, and attend a telephonic Rule 16 Scheduling Conference on July 24, 2019. [Doc. 15]. On June 19, 2019, Sentry filed the instant Motion seeking to vacate the deadlines and Scheduling Conference set in the ISO and seeking a stay of discovery pending the Court's rulings on *Plaintiffs/Counterdefendants Shawn Ammons and Jessica Ammons' Motion for Partial Summary Judgment for UM Benefits*, filed May 24, 2019 [Doc. 13], and *Sentry's Cross-Motion for Summary Judgment*, filed June 12, 2019 [Doc. 17].

Pursuant to the ISO, the parties met and conferred on June 26, 2019 and submitted their JSR on July 17, 2019. [Doc. 27]. On July 24, 2019, the Court vacated the Rule 16 Scheduling Conference and all associated deadlines, finding good cause to delay the entry of a Rule 16 Scheduling Order due to the pending dispositive motions. [Doc. 29].

## II.  ANALYSIS

Local Rule 26.4(a) provides that: "A party may not seek discovery under these rules or the Federal Rules of Civil Procedure before the parties have conferred as required by Fed. R. Civ. P. 26(f) except by agreement of all parties or by Court order." D.N.M.LR-Civ. 26.4(a). The parties were subject to this rule, and thus precluded from engaging in discovery, as of May 24, 2019, when the case was removed. *See* D.N.M.LR-Civ. 1.3 (providing that this Court's Local Civil Rules "govern all actions pending on or filed after their effective date unless the Court otherwise orders.").

The Court recognizes that the parties met and conferred, in compliance with the ISO and in anticipation of the Rule 16 Scheduling Conference, as the instant Motion was not yet fully briefed, and the Court had not yet vacated the ISO. [*See* Doc. 27]. However, the purpose of Local

Rule 26.4(a) is to preclude the parties from engaging in discovery prior to the time immediately preceding the Rule 16 Scheduling Conference. *See* D.N.M.LR-Civ. 26.4(a). Because the Rule 16 Scheduling Conference and corresponding entry of a Rule 16 Scheduling Order have been delayed in this case, Rule 26.4(a) still applies.

### III.    CONCLUSION

IT IS THEREFORE ORDERED that the parties are precluded from engaging in discovery until the Court enters a new ISO relative to any claims remaining after the Court resolves *Plaintiffs/Counterdefendants Shawn Ammons and Jessica Ammons' Motion for Partial Summary Judgment for UM Benefits* [Doc. 13] and *Sentry's Cross-Motion for Summary Judgment* [Doc. 17].

IT IS SO ORDERED.

JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE